### R. C. CANNON & SONS v. D. F. BOWEN.

(Filed 26 September, 1928.)

APPEAL by defendant from *Daniels, J.,* at February Term, 1928, of GREENE. No error.

*J. Paul Frizzelle for plaintiffs.*
*P. R. Hines for defendant.*

PER CURIAM. The plaintiffs alleged that the defendant was indebted to them in the sum of $599.58 with interest. The defendant admitted that he had become responsible to the plaintiffs for advancements made on merchandise sold his tenants to the amount of $630 and on his personal account to the amount of $31.30; but he alleged that this amount ($661.30) had been paid. The plaintiffs claimed that the defendant's entire indebtedness had been $1,260.88, but that it has been reduced by this payment to $599.58. The controversy involved an issue of fact, which, under correct instructions, was answered by the jury in favor of the plaintiffs. We find

No error.

### STATE v. JAMES PALMER.

(Filed 26 September, 1928.)

APPEAL by defendant from *Nunn, J.,* at May Term, 1928, of LEE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Hoyle & Hoyle for defendant.*

PER CURIAM. The defendant was indicted upon three counts for the manufacture of spirituous liquor, for having in his possession property designed for use in such manufacture, and for maintaining a place where intoxicating liquor was stored for barter, sale, or exchange. The verdict was "Guilty as charged." From the sentence pronounced the defendant appealed. Upon inspection of the record and consideration of all the defendant's exceptions we are of opinion that no reversible error has been shown.

No error.